FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

1    **ANDRE BIROTTE, JR.**
2     **United States Attorney**           13 DEC 30   AM 9: 43
3    **LEON W. WEIDMAN**          OFFICE OF THE CLERK
     **Assistant United States Attorney**
4    **Chief, Civil Division**
5    **RUSSELL W. CHITTENDEN (CA Bar No. 112613)**
     **Assistant United States Attorney**
6       **Room 7516, Federal Building**
7       **300 North Los Angeles Street**
        **Los Angeles, California 90012**
8       **Email: russell.chittenden@usdoj.gov**
9       **Telephone: (213) 894-2444**
10      **Fax:     (213) 894-7819**
     **ARLENE M. EMBREY (FL Bar No. 125539)**
11      **U.S. Small Business Administration**
12      **409 3rd Street, S.W., 7th Floor**
        **Washington, D.C. 20416**
13      **Email: arlene.embrey@sba.gov**
14      **Telephone: (202) 205-6976**
15      **Fax:     (202) 481-0324**               $8:13 \, CV \, 376$
     Attorneys for Plaintiff,
16   United States of America
17
18              **IN THE UNITED STATES DISTRICT COURT**
19              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
                **WESTERN DIVISION**
20
21   **UNITED STATES OF AMERICA,**     CV13-9272 CAS (MANx)     No. CV
22
             **Plaintiff,**                )     **Consent Order**
23                                         )
             **v.**                        )
24                                         )
25   **REV SBIC, L.P.**                    )
                                           )
26           **Defendant.**                )
27                                         )
28

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 8 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

Priority    ____
Send        ____
Enter       ____
Closed      ____
JS-5/JS-6    X
JS-2/JS-3   ____
Scan Only   ____

LODGED

i

Before this Court is the Complaint by the United States of America,

on behalf of the United States Small Business Administration ("SBA"), for

the appointment of the SBA as Receiver for RCV SBIC, L.P. ("RCV"). The

Court, being fully advised as to the merits, and based upon the consent of the

parties, believes this relief should be granted.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall

take exclusive jurisdiction of RCV, and all of its assets, wherever located,

and the United States Small Business Administration ("SBA"), is hereby

appointed receiver ("the Receiver") of RCV to serve without bond until

further order of this Court. The Receiver is appointed for the purpose of

administering, marshalling and, if necessary, liquidating all of RCV's assets

to satisfy the claims of creditors therefrom in the order of priority as

determined by this Court.

2.     The Receiver shall have all powers, authorities, rights and

privileges heretofore possessed by the general partners, managers, officers,

and directors of RCV under applicable state and federal law and by the

Certificate of Limited Partnership and Partnership Agreement of said

partnership, in addition to all powers and authority conferred upon the

Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The

general partners, managers, directors, officers, employees and agents of RCV are hereby dismissed. Such persons shall have no authority with respect to RCV's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of RCV and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of RCV, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. RCV shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of RCV, as well as the names, addresses and amounts of claims of all known creditors of RCV. All persons having control, custody or possession of any assets or property of RCV, including its former General Partner, are hereby directed to turn such property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, limited partners, creditors, debtors and agents of RCV. All persons and

entities owing any obligations or debts to RCV shall, until further order of this

Court, pay all such obligations in accordance with the terms thereof to the

Receiver, and receipt for such payments by the Receiver shall have the same

force and effect as if RCV had received such payments.

5.     The Receiver is hereby authorized to open such Receiver's bank

accounts, at banking or other financial institutions, to extend credit on behalf

of RCV, to utilize SBA personnel, and to employ such other personnel as

necessary (including the former managers of RCV at the Receiver's sole

discretion) to effectuate the operation of the receivership including, but not

limited to, attorneys and accountants, and is further authorized to expend

receivership funds to compensate such personnel in such amounts and upon

such terms as the Receiver shall deem reasonable in light of the usual fees and

billing practices and procedures of such personnel.  The Receiver is not

required to obtain Court approval prior to the disbursement of receivership

funds for payments to personnel employed by the Receiver or payments for

expenses incidental to administration of the Receivership.  In addition, the

Receiver is authorized to reimburse the SBA or its employees for travel

expenses incurred by SBA personnel in the establishment and administration

of the receivership.  The Receiver may, without further order of this Court,

4

1   transfer, compromise, or otherwise dispose of any claim or asset of RCV,

2   other than real estate.

3

4       6.      In accordance with the provisions of this Order and the Federal

5   Rules of Civil Procedure, and if so requested by the Receiver, RCV's past

6   and/or present officers, directors, agents, managers, general partners, limited

7   partners, employees, and other appropriate persons (including, without

8   limitation, the defendant's portfolio of small business concerns and of banks

9

10  or other financial institutions doing business with defendant and/or

11

12  defendant's portfolio of small business concerns) shall answer or provide

13  answers , to all questions put to them by the Receiver regarding the business

14  of RCV, or any other matter relevant to the operation or administration of the

15  RCV receivership or the collection of funds due to RCV.  In the event that the

16  Receiver deems it necessary to require the appearance of any aforementioned

17

18  persons, the production of documents, information, or any other form of

19

20  discovery concerning the assets or property of RCV or any other matter

21  relevant to the operation or administration of the Receivership or the

22

23  collection of funds due to RCV, the Receiver shall provide notice of such to

24  such persons in accordance with the Federal Rules of Civil Procedure.

25

26      7.      The parties or prospective parties to any and all civil legal

27  proceedings (excluding the instant receivership proceeding), wherever located

28

5

including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) RCV, (ii) any assets of RCV, (iii) the Receiver for RCV or (iv) RCV's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with RCV, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8. All civil legal proceedings (excluding the instant receivership proceeding) wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) RCV, (ii) any of assets of RCV, (iii) the Receiver for RCV or (iv) RCV's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for RCV are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9.      As to a cause of action accrued or accruing in favor of RCV against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10.     RCV and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of RCV to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate or partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

11.     The Receiver is authorized to borrow on behalf of RCV, from the SBA, up to $1,000,000, and is authorized to cause RCV to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of

1  issue. Said Receiver's Certificates of Indebtedness shall have priority over all
2
3  other debts and obligations of RCV, excluding administrative expenses of the
4  Receivership, whether presently existing or hereinafter incurred, including
5  without limitation any claims of partners of RCV.
6
7       12.    This Court determines and adjudicates that RCV has violated 13
8  C.F.R. § 107.1830(b) and 13 C.F.R. § 107.507(a) of the Regulations as
9
10  alleged in the Complaint filed in this matter. After completing its activities in
11  accordance with this Order, the Receiver may recommend that RCV's license
12  as an SBIC be revoked.
13
14  DATED: _____12/18/13_____
15
16                          _christina a. snyder_
17                          UNITED STATES DISTRICT JUDGE
18
    Presented by:
19
20
21  Arlene M. Embrey, Esq.
22  Counsel for United States Small Business Administration
23
24
25
26  Michael K. Wyatt, Esq.
27  Foley Hoag, LLP
28  Counsel for Defendant